UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:                                                                                                          CASE NO. 10-50280
Interstate Equipment Sales & Rentals, Inc.

DEBTOR(S)

## CHAPTER 11 OPERATING ORDER

Having requested and received relief pursuant to chapter 11 of title 11 of the United States Bankruptcy Code, the debtor has thereby become a debtor in possession. During the pendency of the chapter 11 case, **IT IS HEREBY ORDERED THAT THE DEBTOR IN POSSESSION COMPLY WITH THE FOLLOWING:**

I.   **GENERAL RESPONSIBILITIES**

The Bankruptcy Code makes the debtor in possession a trustee for the benefit of unsecured creditors. As trustee, the debtor in possession has the following duties:

1. being accountable for and reporting all property received;

2. examining proofs of claim and objecting to allowance of any claim that is improper;

3. furnishing such information concerning the estate and the estate's administration as is requested by a party in interest;

4. if the business of the debtor is being operated, filing with the Court, the U.S. Trustee and with any governmental unit charged with the responsibility for collection or determination of any tax arising out of such operation, Monthly Operating Reports as provided by the U.S. Trustee's Office and such other information as the Court requires;

5. timely providing information and attending meetings reasonably requested by the United States Trustee;

6. maintaining appropriate insurance to avoid posing a risk to the estate or to the public. The debtor in possession shall keep in force all insurance normally carried by the debtor, such as fire and extended coverage, theft, health and accident, public liability and product liability;

7. complying with all orders of the Court;

8. satisfying timely, unless excused by the Court, any filing or reporting requirement established by the Bankruptcy Code or by any Federal Rule of Bankruptcy Procedure or local rule applicable to chapter 11 cases;

9. filing with the Court a statement of any change of the debtor in possession's address;

10. attending the U.S. Trustee's initial debtor interview, meeting of creditors convened under section 341(a) or an examination ordered under Rule 2004 of the Federal Rules of Bankruptcy Procedure;

11. filing a final report and a final account of the administration of the estate with the Court on a form provided by the U.S. Trustee's Office;

12. filing a disclosure statement and plan, filing a report stating why no plan will be filed, or recommending conversion of the case to a case under chapter 7 or 13 or dismissal of the case on or before 120 days after the date of the order for chapter 11 relief unless extended by court order. The debtor in possession shall mail a copy of the plan and disclosure to each member of the creditors' committee, the committee's counsel, if any, the Securities and Exchange Commission, if applicable, and any party in interest who has requested in writing a copy of the plan or disclosure statement;

13. for any year or period for which the debtor has not filed a tax return required by law, furnishing such information as may be required by the governmental unit with which such tax return was to be filed; and

14. after confirmation of a plan, filing such U.S. Trustee quarterly reports and any other reports as are necessary or as the Court requires.

II. **MONEY OF THE ESTATE**

Upon the filing of the petition, the debtor shall place all funds of the estate into accounts reflecting its fiduciary status. Each account shall be titled "Debtor's Name, Debtor in Possession". No monies of the estate shall be deposited or invested except in entities that have complied with 11 U.S.C. §345. Withdrawals from these accounts shall be made only upon the signature of an authorized signatory, whose name, address, telephone number and title has been reported to the U.S. Trustee's Office. Within 10 days of the date of this order, the debtor in possession shall advise the U.S. Trustee in writing of the depositories holding funds of the estate in the manner or on a form provided by the U.S. Trustee. On or before the twentieth day after the close of each calendar quarter, the debtor in possession shall advise the U.S. Trustee of each account holding funds of the estate in excess of $100,000 on a form provided by the U.S. Trustee.

III.   **BOOKS AND RECORDS**

Upon the filing of a petition, the debtor in possession shall set up new books to reflect post-filing business. Thereafter, new books and records must be kept for the debtor in possession. Pre-petition liabilities are to be strictly segregated from post-petition liabilities.

IV.   **TAXES**

The debtor in possession shall segregate and hold separate and apart from all other funds those monies withheld from its employees or collected from others for taxes payable under any law of the United States of America or any state or subdivision thereof and deposit such funds in a separate bank account simultaneously with the collecting or withholding thereof and timely file all returns and pay the appropriate authorities the appropriate amounts as prescribed by law.

The debtor in possession shall comply with the IRS, any state or subdivision's laws, regulations and rules regarding the filing and payment of all taxes, including, but not limited to the withholding of taxes from the wages of employees, the payment of employer's FICA and FUTA tax liabilities, sales and use taxes and the making of deposits of such taxes and the filing of returns. The debtor in possession is ordered to provide verification of compliance with the IRS laws and regulations by filing the forms required and provided by the Internal Revenue Service.

V.   **MONTHLY OPERATING REPORTS**

On or before the tenth of each month, the debtor in possession shall file with the U.S. Trustee and the Court its Monthly Operating Report for the preceding month and serve a copy of the report to each secured creditor and each member of the creditors' committee (or Court approved committee counsel). The Monthly Operating Report shall be made on the "Monthly Operating Report" provided by the U.S. Trustee's Office, 100 East Vine St., Suite 500, Lexington, KY  40507 – Telephone number (859) 233-2822.

VI.   **PAYMENT OF PRE-PETITION DEBTS**

The debtor in possession, its employees, officers, partners, agents or any other persons acting in concert with the debtor are enjoined from making ANY payment on any pre-petition unsecured debt or any pre-petition priority debt.

VII.   **USE OF CASH COLLATERAL**

The Bankruptcy Code defines cash collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents or profits of property and the fees, charges, accounts. . ." The debtor in possession, its employees, officers, partners, agents and any persons acting in

concert with the debtor or debtor in possession are enjoined from using cash collateral without first obtaining the consent of the secured creditor or other persons with an interest in the cash collateral or a court order authorizing such use. (See 11 USC §363(c)(2) and Local Rule 4001-2)

VIII. **USE OF ASSETS NOT IN THE ORDINARY COURSE OF BUSINESS**

Pursuant to 11 USC §363(b) and Local Rule 6004-1, the debtor in possession, its employees, officers, partners, agents and any persons acting in concert with the debtor or debtor in possession are enjoined from using, selling or leasing any property of the estate other than in the ordinary course of business, except after notice and hearing.

IX. **TRANSFERS TO OR COMPENSATION OF DEBTOR OR INSIDERS**

During the pendency of the chapter 11 case, neither the debtor in possession nor any insider shall receive any increase in compensation, whether in salary or fringe benefits or in any other form, without prior court approval after notice and hearing. This prohibition includes transfers of property to the individual debtor or to any insider. Unless and until the debtor in possession has obtained court approval after notice and hearing, the debtor in possession shall make no payments in payment of any debt, whether secured or unsecured, owed to an insider or to a creditor whose claim is either co-signed by or guaranteed by an insider.

X. **SOLICITATION OF ACCEPTANCES OR REJECTIONS OF ANY PROPOSED PLAN**

After commencement of the case, the debtor in possession, its employees, officers, partners, agents and any other persons acting in concert with the debtor are enjoined from soliciting acceptances or rejections of any proposed plan unless and until the court has approved the disclosure statement.

XI. **SMALL BUSINESS CHAPTER 11 CASES**

If the debtor has made an election on the petition to be a Small Business Debtor pursuant to the definition in 11 U.S.C. §101(51D) or later is determined to be a Small Business Debtor, the debtor in possession has additional duties, in addition to the duties listed above in this order and shall:

1. append to the voluntary petition or, in an involuntary case, file not later than 7 days after the date of the order for relief--
    (A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or
    (B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed;

    2.    attend, through its senior management personnel and counsel, meetings scheduled by the Court or the United States Trustee, including initial debtor interviews, scheduling conferences, and meetings of creditors convened under section 341 unless the Court, after notice and a hearing, waives that requirement upon a finding of extraordinary and compelling circumstances;

    3.    timely file all schedules and statements of financial affairs, unless the Court, after notice and a hearing, grants an extension;

    4.    file all post-petition financial and other reports required by the Federal Rules of Bankruptcy Procedure, by Local Rule or by the U.S. Trustee;

    5.    maintain insurance customary and appropriate to the industry;

    6.    timely file tax returns and other required government filings and timely pay all taxes entitled to administrative expense priority except those being contested by appropriate proceedings being diligently prosecuted; and

    7.    allow the United States Trustee, or a designated representative of the United States Trustee, to inspect the debtor's business premises, books, and records at reasonable times, after reasonable prior written notice, unless notice is waived by the debtor.

The Small Business debtor in possession is also required to report its finances and business operations in compliance with the U.S. Trustee's Chapter 11 Guidelines for Small Business Debtors. The Small Business debtor in possession shall also file Small Business Monthly Operating Reports provided by the U.S. Trustee.

Regarding the filing of disclosure statement and plan, the Small Business debtor in possession shall comply with 11 U.S.C. §1121(e) and Rule 3017.1 of the Federal Rules of Bankruptcy Procedure instead of paragraph I.(12) above.

XII.    **FAILURE TO COMPLY WITH THE OPERATING ORDER**

Should the debtor fail to comply with any aspect of this order, such failure may be grounds for dismissal or conversion of the chapter 11 case. Nothing in this order should be construed to relieve the creditors' committee of its primary responsibility of monitoring the progress of the case.

Copies to:
Debtor
Attorney for Debtor
US Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Tuesday, February 02, 2010**
**(wsh)**