**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:                                                                                                          CHAPTER 11

INTERSTATE EQUIPMENT SALES & RENTALS, INC.                      CASE NO. 10-50280

      DEBTOR

**ORDER AUTHORIZING CONTINUED USE OF
EXISTING BUSINESS FORMS AND RECORDS AND
AUTHORIZING MAINTENANCE OF EXISTING CORPORATE
BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

Interstate Equipment Sales & Rental, Inc., as the Debtor and Debtor-in-Possession in the above-referenced Chapter 11 bankruptcy case (hereinafter, the "Debtor"), having moved the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 345(b) authorizing the continued use of existing bank accounts and cash management systems as described in the Debtor's Motion (the "Motion"), the United States Trustee having filed an Objection (the "Objection") to the Debtor's Motion, the Court having held a hearing on the Motion and the Objection, the Court having determined that granting the relief requested in the Debtor's Motion, as modified by this Order, is in the best interests of the Debtor, its estate, creditors and equity security holders, and notice of said Motion being appropriate under the circumstances, and the Court being sufficiently advised, **IT IS HEREBY ORDERED**:

    1.    The Debtor's Motion is hereby **SUSTAINED,** except as follows:

        a.  Except as noted hererin, all bank accounts shall be maintained in the ordinary course of business.

1

    b. No pre-petition checks, draft, wire transfers or other forms of tender which have not cleared the bank as of the petition date will be honored, unless such payment is authorized by the Code or by separate order of this Court;

    c. The United States Trustee's Objection with regard to the Debtor's Reserve Account (XXXX8959) at Cumberland Security Bank is OVERRULED.

    d. The United States Trustee's Objection with regard to the Debtor's Checking Account (XXXX9106) at Cumberland Security Bank is OVERRULED. The Court strongly recommends that Cumberland Security Bank consider becoming an approved depository with the United States Trustee.

    e. The Untied States Trustee's Objection with regard to the Debtor's bank Account (XXX8780) at Wells Fargo is CONTINUED. The Debtor may renotice this matter for further hearing as necessary or appropriate.

2. Except as noted in this Order, the Debtor's is authorized to continue using the existing business forms and records, and to maintain its existing corporate bank accounts and cash management system in accordance with the Debtor's Motion, provided, however, that the Debtor shall print or stamp the words "Debtor-in-Possession" upon all checks, business records and/or forms. Additionally the Debtor shall advise each of its banks that the bank accounts are now Debtor in Possession bank accounts.

3. The Debtor shall execute all necessary documents presented by the U.S. Trustee to have the right to access the Debtor's bank account information, including

2

monthly statements.

     4.     In the event the Debtor opens any new bank accounts, any such new bank account shall be in United States Trustee Approved Depositories.

     5.     Any and all notice of the relief requested in the Motion is hereby waived.

     6.     The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

TO BE ENTERED:

**BUNCH & BROCK**

BY:    /s/ Peter J. W. Brackney
       **W. THOMAS BUNCH, ESQ.**
       **PETER J. W. BRACKNEY, ESQ.**
       271 West Short Street, Suite 805
       P.O. Box 2086
       Lexington, Kentucky  40588-2086
       (859) 254-5522
       (859) 233-1434 Fax
ATTORNEYS FOR DEBTOR IN POSSESSION


HAVE SEEN:

**UNITED STATES TRUSTEE**

    /s/ Philip L. Hanrahan
    **PHILIP L. HANRAHAN, ESQ.**
    Trial Attorney
    100 East Vine St., Suite 500
    Lexington, KY 40507
    (859) 233-2822

Pursuant to Local Rule 9022-1(c), W. Thomas Bunch shall cause a copy of this Order to be served on each of the parties designated to receive this Order pursuant to Local Rule 9022-1(a) and shall file with the Court a certificate of service of the Order upon the parties within fourteen (14) days hereof.

Copies to:    All Parties entitled to Notice via CM/ECF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
Dated: Friday, February 05, 2010
(jms)