**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:                                                                                           CHAPTER 11

INTERSTATE EQUIPMENT SALES & RENTALS, INC.                      CASE NO. 10-50280

    DEBTOR

**AGREED EMERGENCY ORDER AUTHORIZING USE OF CASH**
**COLLATERAL/LIMITED FACTORING AND INTERIM HEARING DATE**

Debtor and Debtor-in-Possession Interstate Equipment Sales & Rentals, Inc. ("Debtor") and Fifth Third Bank, an Ohio banking corporation ("Fifth Third"), and Branch Banking & Trust Co. ("BB&T") and Cumberland Security Bank, Inc. ("Cumberland") have reached an agreement regarding the Debtor's interim use of cash collateral and funding of same as set forth herein. The Court having considered the pleadings and evidence in the record and the arguments and proffers of counsel during the February 3, 2010 hearing (the "Interim Hearing"), and being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.     "Accounts Receivables" as used in this Order shall mean the four invoices identified on <u>Exhibit 1</u> attached hereto that represent rentals or sales of inventory or equipment. "Cash Collateral" as used in this Order shall mean the funds derived from the factoring of the Accounts Receivables with Cumberland and the funds in the Debtor's Operating Accounts as of the Petition Date.

2.     Subject to the terms of this Order, the Debtor is hereby authorized to use the Cash Collateral for its operations but only to the extent of (A) $25,576.82 for the February

5, 2010 payroll; (B) any utilities coming due on or before February 5, 2010; and (C) any emergency repair work, as this phrase is commonly interpreted in the Debtor's business.

    3.    Cumberland is hereby authorized and permitted to factor the Accounts Receivables subject to the following terms (the "Post Petition Factor"):

    A. Cumberland may charge a fee of 2.1% of the Accounts Receivable, hold back 10% of the face amount of the Accounts Receivable for a reserve for defaults in payments thereon ("Reserve"), and deposit the remainder of the Accounts Receivable in the Debtor's Operating Account No. xxxx9106.

    B. Cumberland shall allow the Debtor to wire transfer the funds deposited as a result of the Post-Petition Factor from Cumberland Account No. xxx9106 to the Fifth Third Account No. xx4379 for use by the Debtor pursuant to paragraph 2 above.

    C. Cumberland shall separately account for the Reserve for the Post-Petition Factor and the Post-Petition Factor shall not be secured by any funds held by Cumberland that secure receivables factored pre-petition.

    D. To provide security for the funds advanced by Cumberland for the Post-Petition Factor, Cumberland is granted both a post-petition, first priority lien on the Accounts Receivable, the Reserve, and its respective fee, and an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A) in an amount equal to the balance of the Post-Petition Factor less the Reserve for same on June 10, 2010 with said claim to be subordinate only to fees owed to the United States Trustee and to be paid *pari passu* with the fees and expenses of any and all professionals of the estate. The right to assert an administrative claim is in lieu of the Debtor's obligation to post additional funds to collateralize the Post-Petition Factor in the event those receivables remain unpaid sixty, ninety, and one hundred and twenty days past the invoice date.

    4.    The Debtor shall not factor any other invoices or accounts receivables without prior authorization by order of this Court. All issues related to those receivables factored prior to the Petition Date are reserved for further order of the Court.

    5.    Any lien on, claim against, or encumbrance by any other claimant, creditor, or party in interest on the Post-Petition Factor, the Reserve, or the Accounts Receivable securing same shall be junior and subordinate to the lien and protections granted to

Cumberland herein. To the extent Reserve funds remain following the payment of the Accounts Receivable such funds shall be returned to the Debtor and the use of that amount is reserved for further orders of the Court.

6. All parties to this Order and any entity claiming security interests in any asset of the Debtor's estate shall be deemed to have reserved all of their rights, including but not limited to the following rights of lienholders:

    A. The right to seek additional adequate protection.

    B. The right to seek relief from the automatic stay imposed by Code §362.

    C. The right to challenge any other motions to use Cash Collateral or to amend, revise, extend or otherwise modify any budget.

    D. The right to challenge the valuation of any property held by Debtor.

    E. The right to seek relief under Code §506(b) and related law including, but not limited to, the right to seek post-petition interest, fees, costs and any amounts due lienholders under its loan documents or law.

    F. The right to challenge the continuation or amount allowed of any carveouts.

    G. All other rights of lienholders or parties in interest not expressly resolved herein.

7. This Order shall continue in full force and effect through Friday, February 5, 2010, and the parties hereto shall either (A) tender an agreed order extending these or other terms relating to the use of cash collateral, or (B) appear at the interim cash collateral hearing scheduled before this Court on February 12, 2010 at 2:00 p.m. prevailing time.

AGREED TO AND
TO BE ENTERED:

**BUNCH & BROCK**

BY:    /s/ W. Thomas Bunch
     **W. THOMAS BUNCH**
     **PETER J. W. BRACKNEY**
     805 Security Trust Building
     271 West Short Street
     Lexington, Kentucky 40507
     (859) 254-5522
     (859) 233-1434 FAX

ATTORNEYS FOR DEBTOR


**STOLL KEENON OGDEN, PLLC**

BY:    /s/ Lea Pauley Goff
     **LEA PAULEY GOFF**
     **JAMIE BRODSKY**
     500 West Jefferson Street, Suite 2000
     Louisville, Kentucky 40202
     (502) 333-6000

ATTORNEYS FOR FIFTH THIRD BANK


**MORGAN & POTTINGER, P.S.C.**

BY:    /s/ M. Tyler Powell
     **M. TYLER POWELL**
     133 West Short Street
     Lexington, Kentucky 40507
     (859) 253-1900
     (859) 255-2038 FAX

ATTORNEYS FOR CUMBERLAND SECURITY BANK

HAVE SEEN:

**FOWLER MEASLE & BELL, PLLC**

BY:    /s/ Taft A. McKinstry
     **TAFT A. MCKINSTRY**
     **CHRISTOPHER G. COLSON**
     300 West Vine Street, Suite 600

    Lexington, Kentucky 40507-1660
    (859) 242-6700
    (859) 255-3735 Fax
COUNSEL FOR CATERPILLAR FINANCIAL
SERVICES CORPORATION


**FROST BROWN TODD LLC**

BY:    /s/ Adam R. Kegley
    **ADAM R. KEGLEY**
    250 West Vine Street, Suite 2800
    Lexington, Kentucky 40507-11749
    (859) 244-3243
    (859) 231.0011 Fax
COUNSEL FOR KOMATSU FINANCIAL, LP


Pursuant to Local Rule 9022-1(c), W. Thomas Bunch shall cause a copy of this Order to be served on each of the parties designated to receive this Order pursuant to Local Rule 9022-1(a) and shall file with the Court a certificate of service of the Order upon the parties within fourteen (14) days hereof.


COPIES TO:

| | |
|---|---|
| W. Thomas Bunch | via CM/ECF |
| U.S. Trustee | via CM/ECF |
| Lea Pauley Goff | via CM/ECF |
| M. Tyler Powell | via CM/ECF |
| Taft A. McKinstry | via CM/ECF |
| Adam R. Kegley | via CM/ECF |

Interstate\Interim Cash Collateral AO        5

Interstate Equipment Sales & Rentals, Inc.                                                                **EXHIBIT 1**
Factoring Invoices W/E 2/5/10

| customer | date | amount | invoice # | unit # | lender |
|---|---|---|---|---|---|
| mitco enterprizes inc. | 2/1/2010 | 13,000.00 | ri04696 | 2452 | Caterpillar Financial |
| rumpke | 2/1/2010 | 3,727.50 | ri04697 | 2114 & 1702 | 2114 - Komatsu/1702 No lender |
| st louis construction co | 2/3/2010 | 6,678.00 | ri04699 | 2507 | No Lender |
| brass eagle inc | 2/2/2010 | 3,873.44 | vi-004183 | parts only | No Lender |